**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBERT CORNA**<br>**261 Crocker Park Blvd.**<br>**Apt. 308**<br>**Westlake, OH 44145,** | CASE NO. |
| Plaintiff, | |
| vs. | JUDGE |
| **JANET WANG**<br>**145 Silverado**<br>**Irvine, CA 92618,** | |
| Defendant. | |

**COMPLAINT FOR MONEY DAMAGES, INJUNCTIVE RELIEF, AND
DECLARATORY JUDGMENT**

**(Jury Demand Endorsed Hereon)**

Now comes Plaintiff Robert Corna, and for his Complaint for Money Damages, Injunctive Relief, and Declaratory Judgment against Defendant Janet Wang, states as follows:

**PARTIES AND JURISDICTION**

1.　　Plaintiff Robert Corna ("Corna") is a citizen of the State of Ohio.  He resides at 261 Crocker Park Blvd., Apt. 308, Westlake, Ohio 44145 in the County of Cuyahoga.

2.　　Defendant Janet Wang ("Wang") is a citizen of the State of California.  She resides at 145 Silverado, Irvine, California 92618 in the County of Orange.

3.　　Valley of the Eagles, LLC ("VOE") is an Ohio member-managed limited liability company with its principal place of business in Elyria, Ohio, County of Lorain.

4.　　Corna and Wang are members of VOE.

1

5.      There is no valid operating agreement for VOE.

6.      Valley of the Eagles is a golf course designed by Jack Nicklaus and located at 1100 Gulf Road, Elyria, Ohio 44035.

7.      In addition to a golf course, the Valley of the Eagles premises also includes Black River Tavern, a restaurant which is not yet open, a banquet facility where weddings and other special events may be held, and approximately three hundred thirty-six (336) lots for the development of apartments, homes, and an assisted living facility.

8.      Black River Tavern and the banquet facility are parts of a building at Valley of the Eagles commonly referred to as the clubhouse.

9.      The entire Valley of the Eagles premises, including the golf course, clubhouse, and lots, are owned by VOE.

10.     VOE maintains its only office, and conducts business, at 1100 Gulf Road, Elyria, Ohio 44035.

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different States.

12.     Venue is proper in the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1391(b)(2) as Wang's actions and omissions giving rise to Corna's claims for relief occurred in this judicial district, and the property which is the subject of this action is situated in this judicial district.

4838-1276-4255, v. 1

## GENERAL ALLEGATIONS

13.     On March 1, 2008, Corna, an architect and developer, purchased Spring Valley Golf & Athletic Club ("Spring Valley"), which was located at 1100 Gulf Road, Elyria, Ohio 44035, the current locale of Valley of the Eagles.

14.     Corna bought Spring Valley for two million eight hundred fifty thousand dollars ($2,850,000.00) by and through Angelo Enterprises LLC, an Ohio limited liability company.

15.     Soon after purchasing Spring Valley, which consisted of approximately two hundred (200) acres and seventeen (17) parcels of land, including an 18-hole golf course and clubhouse, Corna had the entire property fully landscaped.

16.     In July 2009, Corna renovated five of the holes on the golf course at Spring Valley and added a restaurant and banquet facility to the clubhouse at a cost of over eight hundred thousand dollars ($800,000.00).

17.     Corna's vision for Spring Valley was to create a championship level golf course and develop a residential community around it, but these plans were temporarily put on hold between 2009 and 2013 due to a softening real estate market.  During that time, Corna continued to own and operate Spring Valley.

18.     In or around January 2013, Corna met Wang while attending a conference relating to the EB-5 Immigrant Investor Program.

19.     In January 2013, First Place Bank commenced foreclosure proceedings against Angelo Enterprises LLC, Robert Corna, individually, and Robert Corna and Lucinda Corna, as Trustees of the Lucinda Corna Revocable Trust, relating to Spring Valley.

4838-1276-4255, v. 1

20.     At that time, Wang agreed to raise four million dollars ($4,000,000.00) in funding from EB-5 investors by September 2013 to be used for the rebuilding of the golf course at Spring Valley n/k/a Valley of the Eagles.

21.     In April 2013, a business plan for Valley of the Eagles was prepared.

22.     On May 28, 2013, Articles of Organization for VOE were filed by Corna with the Ohio Secretary of State.

23.     In July 2013, Corna began further work on the golf course at Spring Valley, which had become known as Valley of the Eagles.

24.     Wang did not raise any funding from EB-5 investors by September 2013 as she had previously agreed.

25.     In September 2013, the golf course at Valley of the Eagles temporarily closed for reconstruction and redesign, and renovation of the clubhouse began.  Until November 2013, the cost of the golf course reconstruction and clubhouse renovation was paid for entirely by Concepts in Architecture LLC, a company owned and operated solely by Corna.

26.     In November 2013, two hundred fifty thousand dollars ($250,000.00) was received from the first EB-5 investor.  VOE subsequently received additional funds from EB-5 investors, but none of this funding was utilized to develop homes or apartments on the Valley of the Eagles property.

27.     Wang fraudulently represented herself to the EB-5 investors as a mortgage broker.

28.     Wang also failed to provide security to the EB-5 investors in the form of a first mortgage.

4838-1276-4255, v. 1

29.     In February 2014, Private Bank assigned the note relating to Valley of the Eagles f/k/a Spring Valley to Talmer Bank.  Talmer Bank then agreed to sell the note for eight hundred fifty thousand dollars ($850,000.00) with the condition that the closing occur by May 1, 2014.

30.     On March 12, 2014, VOE, Corna and Wang entered into an Assignment of Limited Liability Company Interest agreement ("Assignment Agreement"), a copy of which is attached hereto as Exhibit A.

31.     Pursuant to this Assignment Agreement, Wang was to raise EB-5 funding for Valley of the Eagles in return for a 15% membership interest in VOE.

32.     Specifically, with respect to Phase One of the project, Wang agreed to raise a total of four million dollars ($4,000,000.00) from eight (8) investors for the construction and/or renovation of the golf course, clubhouse, restaurant, fitness center, pro shop, and banquet facility at Valley of the Eagles.  With respect to Phase Two of the project, Wang agreed to raise all EB-5 funding necessary for the development of one hundred sixty-eight (168) "golf course villas."

33.     Pursuant to the Assignment Agreement, Corna was to be paid "reasonable compensation" for his professional services relating to Valley of the Eagles.

34.     The plan for the residential development component of Valley of the Eagles was later divided up into three parts: (1) courtyard homes (*i.e.* single-family homes); (2) apartment units; and (3) villas (*i.e.* duplex homes).

35.     In May 2014, VOE borrowed approximately four hundred thousand dollars ($400,000.00) from Janet Wang's mother, Su H. H. Wang, and purchased the note from Talmer Bank for eight hundred fifty thousand dollars ($850,000.00).  At this time, title to Valley of the Eagles was transferred to VOE.  Wang was also added as an authorized signer on the bank accounts

of VOE.  From this point forward, Wang exercised total dominion and control over the finances and expenditures of VOE, including those related to the golf course renovation.

36.     On or about March 12, 2015, VOE executed a Mortgage Deed in favor of Janet Wang's brother, Tony Wang, and his wife, Michelle Wang, relating to the Valley of the Eagles property.

37.     In August 2016, Corna applied with the City of Elyria Planning Commission for lot splits and approval of the plans for the three hundred thirty-six (336) lots which make up the area surrounding the golf course at Valley of the Eagles.  These lots were designated for the development of homes, apartments, and an assisted living facility.

38.     Wang contacted the Planning Commission and requested that the previously scheduled public hearing regarding Corna's application be cancelled.  The hearing was, in fact, cancelled.  This conduct by Wang stalled the residential development at Valley of the Eagles.

39.     On or about March 9, 2017, Corna signed a document entitled "Valley of the Eagles LLC Operating Agreement" dated February 27, 2017, but thereafter, Wang changed the terms in this agreement without Corna's knowledge or consent, rendering the "agreement" fraudulent and invalid.

40.     On or about April 27, 2017, Corna signed a document entitled "First Amendment to Operating Agreement Valley of the Eagles, LLC" dated April 26, 2017, but Wang changed the terms in this agreement without Corna's knowledge or consent, rendering the "agreement" fraudulent and invalid.

41.     In September 2017, Corna brought a large group of interested parties to view Valley of the Eagles to finalize plans for residential development there.  This group included investors, engineers, site development contractors, building contractors, marketing and real estate

professionals, a website design team, and potential buyers.  Corna also brought with him to the property an individual who was prepared to fund the construction of a model home on site.

42.     All these individuals were ready, willing and financially able to participate in the residential development at Valley of the Eagles.

43.     Wang then told most, if not all, of these individuals that Corna has nothing to do with Valley of the Eagles and that they had no right to be on the property.  Due to Wang's actions, these individuals chose not to proceed any further with the Valley of the Eagles project.

44.     From March 1, 2008 until approximately October 2017, on average, Corna worked on site at Valley of the Eagles between sixty (60) and eighty (80) hours per week.

45.     At no time did Corna withdraw from VOE.

46.     Wang has taken various steps to prevent Corna from learning about the finances of VOE.  Specifically, Wang had Corna removed as an authorized signer on the bank accounts of VOE and failed to provide Corna with tax returns, financial statements, and accounting records for VOE.

47.     Wang has refused to provide Corna with identifying information relating to the EB-5 investors.

48.     Wang has also refused to provide Corna with any details relating to the terms and conditions of loans to VOE by various members of Wang's family.

49.     Wang incorrectly indicated to the City of Elyria, through her attorney, Anthony Giardini, that Corna is not involved with VOE.

50.     Wang also demanded that Corna's sales and investment representative, Tony DiBenedetto, leave Valley of the Eagles and threatened him with being forcibly removed if he ever

4838-1276-4255, v. 1

returned to the property.  Wang also falsely claimed to Mr. DiBenedetto that Corna is not involved with VOE.

51.     When Corna visited Valley of the Eagles with Eric Tyler, a potential investor, Wang again falsely claimed that Corna has nothing to do with VOE and threatened to contact the police if Corna and Mr. Tyler did not leave the property.

52.     When Corna visited Valley of the Eagles with his son, Angelo Corna, Ray Metz, General Manager of Valley of the Eagles, threatened to call the police if Corna and his son did not leave the premises, and falsely claimed the existence of a court order prohibiting Corna's presence on the property.

53.     Corna's presence at Valley of the Eagles is essential since he prepared many of the architectural drawings for the project.  It is important for Corna to be present on the property to ensure that the work is being completed in accordance with his drawings.

54.     Wang has also instructed contractors and employees of VOE not to listen to Corna, comply with his requests, or even speak to him.

55.     Wang, an individual with no discernible prior experience as a developer, has excluded Corna from all VOE-related matters and assumed total control over Valley of the Eagles to the detriment of the business.

56.     The initial estimated cost to complete all remaining renovations on the golf course was one million eight hundred fifty thousand dollars ($1,850,000.00).  Upon information and belief, the amount spent by Wang and VOE for the work on the golf course far exceeded the initial estimate.

4838-1276-4255, v. 1

57.    Wang has prevented Corna from participating in the business of VOE by denying him access to company information and credit cards, excluding him from all decision-making relating to the company, and denying him access to the Valley of the Eagles property.

58.    Upon information and belief, Wang intentionally sabotaged Corna's efforts to develop residences at Valley of the Eagles.

## COUNT I – DECLARATORY JUDGMENT

59.    Each and every allegation set forth above in this Complaint is restated and realleged as if fully rewritten herein.

60.    Real justiciable controversies between Corna and Wang exist regarding Corna's right to enter onto the Valley of the Eagles property, Corna's right to participate in VOE, the extent of Corna's and Wang's respective membership interests in, and contributions to, VOE, and the rights possessed by, and obligations owed to, Corna by Wang.

61.    Without access to Valley of the Eagles, Corna cannot show the property to potential investors, thus preventing him (and VOE) from developing the courtyard homes, apartments, and villas.

62.    Time is of the essence with respect to developing the courtyard homes, apartments, and villas.  With favorable interest rates, the real estate market is currently robust, but this could change quickly.  If Corna does not develop the courtyard homes, apartments, and villas as soon as possible, the opportunity to realize a profit on this project will be permanently lost.

63.    Upon information and belief, if Corna is prevented from participating in VOE, Wang will sell some or all the lots at Valley of the Eagles previously designated for residential development, thus causing Corna to lose the opportunity to develop these lots himself.

64.    Immediate relief is required to preserve Corna's rights, which otherwise will be

4838-1276-4255, v. 1

lost.

65.     A declaration of the rights and obligations of the parties would terminate this controversy before Corna suffers irreparable harm.

**COUNT II – BREACH OF CONTRACT**

66.     Each and every allegation set forth above in this Complaint is restated and realleged as if fully rewritten herein.

67.     The parties entered into the Assignment Agreement whereby Wang agreed to raise EB-5 funding for Valley of the Eagles in return for a 15% membership interest in VOE and Corna was to be paid "reasonable compensation" for his professional services relating to Valley of the Eagles.

68.     Corna performed all his contractual obligations under the Assignment Agreement.

69.     Wang breached the Assignment Agreement by failing to raise any of the EB-5 funding necessary to complete the residential development at Valley of the Eagles.

70.     Wang also breached the Assignment Agreement by failing to pay Corna reasonable compensation for his professional services relating to Valley of the Eagles.

71.     As a direct and proximate result of Wang breaching the Assignment Agreement, Corna has suffered damages including, but not limited to, loss of rental income, loss of proceeds from the sale of homes and apartments, loss of cash flows and distributions, and loss of compensation for professional services rendered, in an amount to be determined at trial which exceeds Seventy-Five Thousand Dollars ($75,000.00).

**COUNT III – BREACH OF FIDUCIARY DUTY**

72.     Each and every allegation set forth above in this Complaint is restated and realleged as if fully rewritten herein.

10

73.     As a member of VOE, Wang owes to Corna a fiduciary duty with respect to his membership in VOE.

74.     By preventing Corna from participating in the affairs of VOE and developing the property, restricting his access to company financial records, excluding him from the management and decision-making relating to the company, denying him access to the Valley of the Eagles property, and mismanaging the assets of VOE, Wang has breached her fiduciary duty to Corna, including her duty to act in good faith.

75.     As a direct and proximate result of Wang breaching her fiduciary duty to Corna, Corna has suffered damages in an amount to be determined at trial which exceeds Seventy-Five Thousand Dollars ($75,000.00).

## COUNT IV - ACCOUNTING

76.      Each and every allegation set forth above in this Complaint is restated and realleged as if fully rewritten herein.

77.     Pursuant to R.C. § 1705.22, Corna is entitled to obtain true and full information regarding the status and financial condition of VOE, inspect copies of the federal, state and local income tax returns of VOE for every year, inspect the financial and corporate record books of VOE, and obtain any other information regarding the affairs of VOE that is fair and reasonable.

78.     Wang has concealed the performance of VOE from Corna and has otherwise denied him access to corporate, financial, and tax documents of the company.

79.     Corna is entitled to review the documents and to have Wang present an accounting of the operations of the company.

80.     Corna respectfully requests that this Court order Wang to provide a full accounting of the operations of VOE from the time of its formation to the present, including all receipts,

11

expenditures, disbursements and distributions of the company, financial statements, and federal, state and local income tax returns, and permit Corna to inspect the company's financial and corporate books.

## COUNT V – FRAUD

81.     Each and every allegation set forth above in this Complaint is restated and realleged as if fully rewritten herein.

82.     Wang has conducted the business of VOE in such a manner to conceal from Corna the company's revenues, financial records, and operations so as to personally benefit from the operations of the company to Corna's exclusion.

83.     As a direct and proximate result of Wang's conduct, Corna has suffered damages in an amount to be determined at trial which exceeds Seventy-Five Thousand Dollars ($75,000.00). Corna is entitled to compensatory and punitive damages and attorney fees.

## COUNT VI – INJUNCTIVE RELIEF

84.     Each and every allegation set forth above in this Complaint is restated and realleged as if fully rewritten herein.

85.     As a member of VOE, Corna has a right to enter onto the Valley of the Eagles property.  Corna has a high likelihood of success on the merits.

86.     Wang and various employees or agents of VOE at the direction of Wang have wrongfully denied Corna access to the Valley of the Eagles property.

87.     As a direct and proximate result of Corna being wrongfully denied access to Valley of the Eagles, Corna cannot show the property to potential investors, thus preventing him (and VOE) from developing the courtyard homes, apartments, villas, and assisted living facility.

88.     If Corna does not develop the courtyard homes, apartments, villas, and assisted

living facility as soon as possible, while interest rates are low and the real estate market is robust, he will suffer irreparable harm in the form of a permanent loss of opportunity to develop a unique property.

89.     If the Court grants Corna an injunction enjoining Wang and employees and agents of VOE from denying Corna access to Valley of the Eagles, neither Wang nor VOE will suffer any harm.

90.     Granting injunctive relief to Corna would serve the public interest of facilitating investment in private enterprise to foster economic growth.

## COUNT VII – CONVERSION

91.     Each and every allegation set forth above in this Complaint is restated and realleged as if fully rewritten herein.

92.     Corna owns at least thirty (30) pieces of machinery and equipment, as well as various tools, which remain at Valley of the Eagles.  Corna has owned most, if not all, of this property since at least 2012.

93.     While excluding Corna entirely from Valley of the Eagles and the operation of VOE, Wang also has converted the above-described assets belonging to Corna for her own personal benefit and exerted dominion and control over the property.

94.     Wang has refused to allow Corna to retake possession of his personal property.

95.     Wang has not returned the converted assets to Corna.

96.     Corna demanded the return of his property by Wang, and yet Wang still refused to allow Corna to take back the property.

97.     Due to Wang's wrongful conduct, Corna has sustained damage in the form of the fair rental value of his assets and the depreciation against the value of these assets.

4838-1276-4255, v. 1

98.     Wang has converted Corna's assets in an amount to be proven at trial.  As a result of Wang's conduct, Corna is entitled to compensatory and punitive damages and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robert Corna prays that judgment be entered against Defendant Janet Wang as follows:

A.     For a declaration that Corna has a right to enter onto the Valley of the Eagles property;

B.     For a declaration that Corna has a right to participate in the operations of VOE;

C.     For a declaration regarding the extent of Corna's and Wang's respective membership interests in, and contributions to, VOE;

D.     For a declaration regarding the rights possessed by, and obligations owed to, Corna by Wang;

E.     For a declaration that the document entitled "Valley of the Eagles LLC Operating Agreement" dated February 27, 2017 is fraudulent, invalid and unenforceable;

F.     For a declaration that the document entitled "First Amendment to Operating Agreement Valley of the Eagles, LLC" dated April 26, 2017 is fraudulent, invalid and unenforceable;

G.     Compensatory damages in an amount to be determined at trial which exceeds Seventy-Five Thousand Dollars ($75,000.00);

H.     Punitive damages in an amount to be determined at trial;

I.     Ordering Wang to provide a full accounting of the operations of VOE from the time of its formation to the present, including all receipts, expenditures, disbursements and distributions of the company, financial statements, and federal, state and local income tax returns, and

4838-1276-4255, v. 1

permitting Corna to inspect the company's financial and corporate books;

J.     For preliminary and permanent injunctive relief enjoining, prohibiting, and preventing Wang and employees and agents of VOE from denying Corna access to the Valley of the Eagles property;

K.     Attorney fees, costs and disbursements;

L.     Pre and post judgment interest on all monetary awards at the maximum rate permitted by law; and

M.     Such other relief in law and equity to which Corna may be entitled under the law.

Respectfully submitted,

O'TOOLE, MCLAUGHLIN, DOOLEY
& PECORA CO., LPA

/s/ Patrick M. Ward

By:     _____
Patrick M. Ward (0095420)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel: (440) 930-4001
Fax: (440) 934-7205
Email: pward@omdplaw.com

*Counsel for Plaintiff Robert Corna*

## JURY DEMAND

Plaintiff Robert Corna demands a trial by jury on all issues in this action.

/s/ Patrick M. Ward

_____
Patrick M. Ward (0095420)